United States District Court
Southern District of Texas
**ENTERED**
April 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Gery Garnett Wyche, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action H-22-2923 |
| § | | |
| Office of the Attorney General, § | | |
| et al., § | | |
| Defendants. § | | |

## MEMORANDUM AND RECOMMENDATION

Using a court form designed to bring a claim for employment discrimination, Gery Garnett Wyche complains about the outcome of a state court child support modification lawsuit. ECF No. 1. Wyche has sued the Office of the Attorney General, various employees of that office, and several lawyers, apparently including his own, that were involved in the litigation. *Id.* at 1–3. All defendants that have been served have moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. *See* ECF Nos. 17, 19, 21, 22, 23, 26. Because the court lacks subject matter jurisdiction, the undersigned recommends that this case be dismissed without prejudice.

### 1. Background

Because Plaintiff is proceeding *pro se*, the court has liberally construed the Complaint, ECF No. 1, and has endeavored to identify all the facts underlying his claims. Attached to his Complaint are several documents generated during the state court litigation, as well as emails to lawyers,

correspondence with the Office of the Attorney General, and a letter from a state representative. ECF No. 1-1. Wyche sets forth the following facts in support of the Complaint:

> Office of The Attorney General And Lawyer(s) failure/inability to be honest to maintain acurate and sufficient information (financial, proper court filings regarding my Teacher Retirement funds-Medicare (B), modification of the child support payments (stop child support payments for Adult child (19 years of age) and release my TRS fund due to me for overpayment to gain access to my funds owed to me for medicare and Social Security Benefits.

ECF No. 1 at 7 (verbatim).

As the court understands the Complaint, as supplemented by its attachments, Wyche is not only dissatisfied with the outcome of the child support modification case but also believes that the lawyers involved in the case were incompetent and dishonest. While Wyche attaches documents having to do with Medicare, a federal program, ECF No 1-1 at 4–23, and wrote a website address related to the Social Security Administration on one page of the attachments, *id.* at 14, Wyche does not explain what federal claim he seeks to bring against Defendants. Because Wyche did not respond to any of the several motions to dismiss his Complaint, the court is left to rely on the Complaint and its attachments.

Defendants make various arguments in their several motions to dismiss. The court need not reach all the arguments because the court lacks subject matter jurisdiction, and the case must be dismissed for that reason.

## 2. Analysis

"Federal courts are courts of limited jurisdiction[,]" and the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid*

*Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding, L.L.C.*, 851 F.3d at 534 (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)) ("A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal."). The court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

"A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

### A. Diversity Jurisdiction

Federal courts may exercise jurisdiction when all defendants are citizens of different states from all Plaintiffs and where the amount in controversy is more than $75,000. 28 U.S.C. § 1332. It appears to the court that all parties are

citizens of Texas. The court lacks subject matter jurisdiction based on diversity of citizenship.

### B. Federal Question Jurisdiction

Federal district courts have subject matter jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The court will apply the "well-pleaded complaint" rule. That is, "[a] federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Plaintiffs must supply facts demonstrating the existence of a federal question, and "the mere recitation by plaintiffs of various sections of the United States Constitution and random United States Code citations is insufficient." *Arunga v. ACLU*, No. 09-6175-AA, 2009 WL 3274784, at *1 (D. Or. October 9, 2009).

Based on a careful reading of his Complaint, the court concludes that Plaintiff has not stated a federal cause of action. Wyche is complaining about the outcome of a child support modification case. He cites no federal statute or federal constitutional provision on which he relies. There is no federal question.

This court lacks subject matter jurisdiction.

### 3. Conclusion

The court recommends that the motions to dismiss, ECF Nos. 19, 21, 22, 23, and 26 be **GRANTED**. Plaintiff did

4

not respond to any of the motions to dismiss[1] and has not requested leave to amend the Complaint. Given the nature of Wyche's complaints in this case, the court finds no reason to think that an opportunity to amend would result in the assertion of facts that would change the result. Leave to amend is denied.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April 7, 2023.

_____
Peter Bray
United States Magistrate Judge

---

[1] The court notes that the Clerk's Office docketed ECF No. 20 as an "objection" to Christopher Meyer's motion to dismiss. ECF No. 20 is not an objection to the motion to dismiss and it is in no way responsive to the motion. It is, puzzlingly, a request that Meyer not be allowed to withdraw as Wyche's counsel. But Meyer is a defendant here, not Wyche's counsel.